UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| EDWARD LEE KIRKWOOD, | ) | CASE NO. 3:06 CV 1932 |
| Petitioner, | ) ) | JUDGE JAMES S. GWIN |
| v. | ) ) | MEMORANDUM OF OPINION |
| KHELLEH KONTEH, | ) | AND ORDER |
| Respondent. | ) ) | |

On August 11, 2006, petitioner pro se Edward Lee Kirkwood filed the above-captioned habeas corpus action under 28 U.S.C. § 2254. Kirkwood is incarcerated in an Ohio penal institution, having been convicted in October 1998 of aggravated robbery and aggravated burglary. His direct appeals were completed in 1999. State v. Kirkwood, 87 Ohio St.3d 1477 (1999)(delayed appeal denied). Kirkwood subsequently filed three motions to modify his sentence: a November 28, 2000 motion, which was denied on January 8, 2001; a June 6, 2001 motion, which was denied on August 3, 2001; and, a June 14, 2004 motion, which was denied on June 26, 2004. See, State v. Kirkwood, No. L-05-1195, 2006 WL 29108 (Lucas Cty. App. Jan. 6, 2006).

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the

ground that the custody violates the Constitution or laws of the United States. Furthermore, the petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254. Finally, persons in custody pursuant to a state court judgment must file any federal habeas petition within one year of the latest of:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

It is evident the petition that Kirkwood exhausted all available remedies well over one year prior to the date he filed this action. His 2004 motion to modify sentence cannot "retrigger" the statute of limitations, six years after conviction, for bringing a federal habeas action. Thompson v. Chandler, 55 Fed.Appx. 758, 2003 WL 343249 (6th Cir. Feb. 12, 2003); cf. Searcy v. Carter, 246 F.3d 515 (2001)(filing of delayed appeal to Ohio

Supreme Court does not cause federal habeas statute of limitations to begin running anew). Further, none of the other circumstances set forth in 28 U.S.C. § 2244(d)(1) is claimed to apply, and there is no reasonable suggestion of any valid basis for tolling the one year statute of limitations. Therefore, the petition must be dismissed as time-barred.

Accordingly, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).


Dated: October 10, 2006         *s/    James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE